**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARIANNE ELIZABETH DETLING | : | CASE NUMBER A19-55422-WLH |
| DEBTOR | : | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND**
**EXEMPTIONS AND REQUEST TO RE-CONVERT CASE TO CHAPTER 7**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor has failed to serve the Chapter 13 plan on applicable creditors pursuant to Bankruptcy Rule 7004 and has failed to file the corresponding Certificate of Manner of Service required by General Order 41-2020.

2.

The Debtor has failed to serve the Chapter 13 plan on all parties and file a certificate of service a pursuant to General Order 41-2020.

3.

The Chapter 13 plan fails to reflect the Debtor's correct case number. The Trustee is unable to administer the plan as filed 11 U.S.C. 1302(b)(3).

4.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

5.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with 11 U.S.C. Section 1325(a)(4).

6.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

7.

Due to the developing issues with the COVID-19 virus and the national declaration of emergency by the President of the United States, the Meeting of Creditors held pursuant to 11 U.S.C. Section 341, for the instant case, was conducted telephonically. Without in-person contact the Trustee was unable to collect a properly completed and signed Debtor Questionnaire. The Debtor has also failed to file a completed Debtor Questionnaire prior to the 341 meeting of creditors with the Bankruptcy Court as requested by the Trustee. The Chapter 13 Trustee requests the Debtor file with the Bankruptcy Court a completed and signed questionnaire. A fillable pdf version of the questionnaire can be found at http://www.njwtrustee.com/wp-content/uploads/Debtor-Questionnaire1.pdf.

8.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

9.

The Trustee requests proof of non-filing spouse's automobile payment of $216.00 and IRS repayment of $250.00 in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

10.

The Trustee requests proof of the fair market value of the Debtor's real property in order to determine the accuracy and veracity of the plan and/or schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(a)(4).

11.

The Trustee requests proof of the Debtor's income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

12.

The Chapter 13 schedules fail to reflect the Debtor's income of $175,000.00 per year, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

13.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the Debtor's current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has a retirement loan deduction of $95.00 per month.

14.

The Chapter 13 Schedules reflect an exemption under O.C.G.A. Section 18-4-22 claimed for Debtor's 401(k)/pension and an exemption under O.C.G.A. 44-13-100(a)(4) claimed for household items, exemptions which may be improper exemptions under those code sections.

15.

Schedule A fails to correctly reference the total fair market value of real estate which is the subject of this Chapter 13 estate.

16.

The Chapter 13 budget reflects a total monthly household expense of $10,464.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtor or Debtor's dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

17.

The Chapter 13 budget reflects a $2,100.00 per month tuition expense for the Debtor's children and a $1,750.00 per month for food expense, expense amounts that may be excessive and unnecessary for the maintenance or support of the Debtor or Debtor's dependents in a zero percent (0%) composition plan in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

18.

The Debtor's Schedule J includes a $250.00 per month expense with Internal Revenue Service for non-filing spouse, however, this is not a household expense, thus creating projected disposable income for this plan. 11 U.S.C. Section 1325(b)(1)(B).

19.

Official Form 122C-1 fails to disclose the Debtor's gross household income received during the six (6) months preceding the filing of this case. 11 U.S.C. Section 101(10A).

20.

The Debtor takes a deduction of $2,200.00 per month on line 29 for "education expenses for dependent children who are younger than 18," an amount that exceeds the allowable deduction of $170.83 per child in violation of 11 U.S.C. Section 1325(b).

21.

The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors as required by 11 U.S.C. Section 1325(b)(1)(B).

22.

The plan fails to treat SunTrust Bank, Specialized Loan Servicing, Administrative claim of Counsel for the Chapter 7 Trustee and US Small Business Administration in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

23.

The Debtor may receive income tax refunds during the applicable commitment period. These funds could assist the Debtor in completing the case and could be projected disposable income for unsecured creditors. The Debtor's plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

24.

The Chapter 13 Trustee requests proof of the expenses for life insurance in the amount of $388.00 on line 18 and healthcare in the amount of $250.00 on line 22 of the Official Form 122C-2. 11 U.S.C. Section 1325(b)(2) and 11 U.S.C. Section 1325(b)(3).

25.

The Chapter 13 budget reflects a $750.00 per month recreation expense; preventing the contribution of all monthly projected disposable income to the zero percent (0%) composition plan in possible violation of 11 U.S.C. 1325(b)(1)(B).

26.

The Debtor's Chapter 13 plan fails to provide for an increase in payments at $216.00 per month when direct payments for non-filing spouse's automobile end in September 2022, which may show lack of good faith or create projected disposable income in possible violation of 11 U.S.C. Section 1325(a)(3), 11 U.S.C. Section 1325(b)(2)(A) and 11 U.S.C. Section 1325(b)(1)(B).

The above-styled case was filed originally as a Chapter 7 case; based on the aforesaid objections to confirmation, the Chapter 13 Trustee respectfully prays that the instant case be denied confirmation, and re-converted to a Chapter 7 proceeding, pursuant to 11 U.S.C. Section 1307(c).

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny confirmation, deny Debtor's exemptions and re-convert the instant case to a Chapter 7 proceeding pursuant to 11 U.S.C. Section 1307(b).

      THIS THE 28th day of December, 2021.

Respectfully submitted,

/scw

/s/
Ryan J. Williams,
Attorney for Chapter 13 Trustee
GA Bar No. 940874
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

# CERTIFICATE OF SERVICE

Case No:  A19-55422-WLH

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection to Confirmation and and Exemptions and Request to Re-Convert Case to Chapter 7 to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

MARIANNE ELIZABETH DETLING
188 PINEHURST LANE
MARIETTA, GA  30068

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation and and Exemptions and Request to Re-Convert Case to Chapter 7 using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

DAVID A. COX

This the 28th day of December, 2021.

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201